UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WAYNE CARL NICOLAISON,

Plaintiff,

v.

DAVID ROWLEY and DAVID DYSON,

Defendants.

CIVIL NO. 01-944 (RHK/JMM)

REPORT AND RECOMMENDATION

The above matter is before the Court on Defendants' Motion to Dismiss [Docket No. 9], Plaintiff's Motion for Summary Judgment [Docket No. 10][1], and Plaintiff's Motion for Default Judgment [Docket No. 12]. The matter has been referred to the undersigned for a Report and Recommendation to District Judge Richard H. Kyle pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendants' Motion to Dismiss [Docket No. 9] be granted. It is further recommended that Plaintiff's Motion for Summary Judgment [Docket No. 10] and Plaintiff's Motion for Default Judgment [Docket No. 12] be denied.

**FINDINGS OF FACT/REPORT**

Plaintiff filed the Complaint in this action on May 29, 2001, asserting claims under 42 U.S.C. §1983 against Defendants for alleged violations of his civil rights. [Docket

---

[1] On August 15, 2001, the Court issued an Order requiring Plaintiff to file a response to Defendants' Motion to Dismiss. Although Plaintiff titled his response a Motion for Summary Judgment, it was submitted as his opposition to Defendants' Motion to Dismiss, and we have accepted it as such.

NOV 20 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

No. 1] Defendant Rowley is an Assistant Attorney General at the Office of the Minnesota Attorney General; Defendant Dyson is an employee at the Minnesota Sexual Psychopathic Personality Treatment Center (the "Treatment Center"), where Plaintiff is housed.

Plaintiff alleges that Defendants violated his Fourth Amendment rights and his right to due process. These allegations stem from a search of Plaintiff's computer on October 9, 2000 by Defendant Dyson. According to the Complaint, Defendant Dyson concluded that Plaintiff had contraband material on his computer, resulting in Plaintiff's computer being confiscated by staff at the Treatment Center. Plaintiff alleges that this was an illegal search and seizure which violated his rights under the Fourth Amendment.[2]

Plaintiff further alleges that print-outs from his computer were improperly used against him during a legal proceeding on March 16, 2001, at which Defendant Rowley was the Government's representative.[3] Plaintiff asserts that his due process rights were violated because he was not provided with copies of the print-outs prior to them being used at the hearing. He seeks a declaratory judgment from the Court that Defendants' actions were illegal, as well as $100,000 in compensatory damages and $100,000 in punitive damages.

---

[2] Plaintiff previously brought suit based upon a similar incident against different defendants. Nicolaison v. Milzak, Civil No. 00-2654 (RHK/JMM). The Court granted summary judgment for the defendants in that case. See Report and Recommendation dated July 6, 2001, Docket No. 54, Civil No. 00-2654 (adopted by District Court in Order dated August 15, 2001, Docket No. 56).

[3] In Plaintiff's "Memorandum in Support for Summary Judgment," he explains that this proceeding was before a Three Judge Discharge Court, on Plaintiff's petition seeking discharge of his commitment.

## I. ELEVENTH AMENDMENT IMMUNITY

The Complaint states that Defendants are sued in their official and individual capacities. To the extent Plaintiff seeks monetary damages for actions performed by Defendants in their official capacities as state employees, Defendants are entitled to immunity under the Eleventh Amendment.

A lawsuit against a state official for actions undertaken in his or her official capacity is construed as a lawsuit against the state itself for Eleventh Amendment purposes. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 70 (1989)("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"); Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 464 (1945)(Eleventh Amendment bars a suit against state officials when "the state is the real, substantial party in interest"). Unless a state has waived its sovereign immunity, the Eleventh Amendment prohibits federal courts from exercising jurisdiction over claims for monetary damages against that state. Edelman v. Jordan, 415 U.S. 651, 663 (1974)("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment"). Accordingly, as a matter of law, this Court lacks jurisdiction over Plaintiff's claims for monetary relief against Defendants acting in their official capacities.

## II. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants also move for dismissal of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court of Appeals for the Eighth Circuit has recently set forth the standard to be applied on a Rule 12(b)(6) motion to

dismiss for failure to state a claim:

> When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief.
>
> Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions.

Young v. City of St. Charles, Missouri, 244 F.3d 623, 627 (8th Cir. 2001)(internal citations omitted).

## A. Search and Seizure of Plaintiff's Computer

In order for Plaintiff to have standing to challenge the search and seizure of his computer, he must have had a legitimate expectation of privacy in the files on the computer. See United States v. Stallings, 28 F.3d 58, 60 (8th Cir. 1994)(Fourth Amendment challenge requires "legitimate expectation of privacy in the places or objects searched")(citations omitted). As the Eighth Circuit has stated:

> The Supreme Court has enunciated a two part test to determine whether a person has a legitimate expectation of privacy in the place searched or the object seized. A court must determine: (1) whether the petitioner has asserted a subjective expectation of privacy, and (2) whether the petitioner's subjective expectation is objectively reasonable.

Stallings, 28 F.3d at 60 (citations omitted). In Plaintiff's case, we conclude that any subjective expectation of privacy he may have had in the contents of the computer was not

objectively reasonable.

Prisoners have no reasonable expectation of privacy in their cells. Hudson v. Palmer, 468 U.S. 517, 529-30 (1984). While the Treatment Center where Plaintiff is confined is not a prison *per se*, it is a secure facility which houses psychopathic persons, with many of the same security issues that arise in prisons. Such a facility has been likened to a prison in the context of allowing warrantless searches of residents' living areas. See State of Minnesota v. Pietraszewski, 283 N.W.2d 887, 891 (Minn. 1979).

In this case, Plaintiff did not have an objectively reasonable expectation of privacy in the contents of his computer while confined at the Treatment Center. The staff at the Treatment Center is responsible for ensuring their own safety, as well as the safety of the residents. Persons committed to the Treatment Center have been adjudged to be dangerous to others, or likely to engage in harmful conduct. See Minn. Stat. § 253B.02 subds. 18b, 18c. These security concerns justified the search of Plaintiff's computer, and prevented him from having an objectively reasonable expectation of privacy in its contents.

**B. Due Process Claim**

Plaintiff claims that Defendants violated his right to due process by introducing print-outs from his computer at a court hearing without showing them to him first. Plaintiff does not argue that he was unaware of or surprised by the contents of these print-outs. Rather, he asserts that he should have received copies before they were used against him.

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due

Process Clause of the Fifth or Fourteenth Amendment." Mathews v. Eldridge, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Id. at 333 (citation omitted).

If Plaintiff was not provided with copies of the print-outs from his own computer prior to the hearing, that fact did not deprive him of the opportunity to be heard in a meaningful manner. Plaintiff received a full hearing, in accordance with the Minnesota Statute on judicial appeals for persons committed as dangerous to the public. See Minn. Stat. § 253B.19. Extra copies of materials Plaintiff himself created or downloaded were not necessary to ensure due process of law at the proceeding.

## II. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Rule 55(a) of the Federal Rules of Civil Procedure provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Once a default has been entered against one party, the other party to the action may move for judgment to be entered. Fed. R. Civ. P. 55(b).

In this case, there are no grounds for the Court to enter default judgment against Defendants. Service of the Complaint on Defendants was effected on July 3, 2001. [Docket No. 5]. Defendants filed their Motion to Dismiss on August 14, 2001, within the sixty days allowed for a response to the Complaint under Rule 12(a)(3) of the Federal Rules of Civil Procedure. Defendants have met all applicable deadlines in defending this

case. Plaintiff's Motion for Default Judgment should be denied.[4]

## RECOMMENDATION

For the reasons set forth above, it is recommended that Defendants' Motion to Dismiss [Docket No. 9] be granted. It is further recommended that Plaintiff's Motion for Summary Judgment [Docket No. 10] and Plaintiff's Motion for Default Judgment [Docket No. 12] be denied.

Dated: November 20, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **December 6, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

4 In addition to the substantive reasons for denying Plaintiff's Motion for Default Judgment, the procedural prerequisites for such a motion have not been met in this case.