UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

WAYNE NICOLAISON,

Plaintiff,

v.

DAVID ROWLEY and
DAVID DYSON,

Defendants.

Civil No. 01-944 (RHK/JMM)

**ORDER**

Plaintiff, a civilly committed detainee at the Minnesota Psychopathic Personality Center in Moose Lake, Minnesota, commenced this action by filing a Complaint seeking relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Defendants filed a motion to dismiss the action, and Magistrate Judge John M. Mason recommended that the motion be granted. (Report and Recommendation dated November 20, 2001; [Docket No. 14].) That recommendation was adopted by this Court, and the case was dismissed. (Order dated December 26, 2001; [Docket No. 16].) On January 9, 2002, Plaintiff filed a Notice of Appeal. (Docket No. 21.) He did not tender the $105 filing fee for his appeal, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 24.) That application is now before the Court.

Because Plaintiff was granted IFP status at the district court level, (Order dated June 4, 2001; [Docket No. 4]), he is automatically entitled to proceed IFP on appeal, unless this Court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed

FILED JAN 31 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

in forma pauperis." Fed. R. App. P. 24(a)(3).[1] To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Although the Court remains fully satisfied that Plaintiff's complaint was properly dismissed, the Court is not prepared to rule that his claims are legally "frivolous," as that term has been defined by the Supreme Court. Therefore, Plaintiff's appeal is found to be taken in "good faith" for purposes of Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 24), is GRANTED.

Dated: 1/31, 2002

RICHARD H. KYLE
United States District Court Judge

[1] Plaintiff is not considered to be a "prisoner" for purposes of the IFP statute, (28 U.S.C. § 1915), because he is currently detained pursuant to a civil commitment, and not because he has been accused of, or convicted of, any crime. See 28 U.S.C. § 1915(g); Kolocotronis v. Morgan, 247 F.3d 726 (8th Cir. 2001). Therefore, the fee payment procedure for prisoners set forth at 28 U.S.C. § 1915(b) is not applicable here.